Matthew L. Rollin (SBN 332631)
**SRIPLAW, P.A.**
8730 Wilshire Boulevard
Suite 350
Beverly Hills, California 90211
323.452.5600 – Telephone
561.404.4353 – Facsimile
Joel.Rothman@sriplaw.com
Matthew.rollin@sriplaw.com

Counsel for Plaintiff
Viral DRM LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VIRAL DRM LLC, | CASE NO.: 3:23-cv-06261-JSC |
| Plaintiffs, | **PLAINTIFF'S EX PARTE MOTION FOR A SUBPOENA TO GOOGLE LLC AND INCORPORATED MEMORANDUM OF LAW** |
| v. | |
| JOHN DOE 1 dba 4 EVER GREEN dba @4EVERGREENYT, | |
| JOHN DOE 2 dba BUENISIMO dba @BUENISIMOCANAL, | |
| JOHN DOE 3 dba DAILYTOP10S dba @GLOBALLEAKS, | |
| JOHN DOE 4 dba DBLNEWS dba @DBLNEW, | |
| JOHN DOE 5 dba DYNAMIC DISASTER dba @DYNAMICDISASTER, | |
| JOHN DOE 6 dba FUTURE UNITY dba @FUTUREUNITY5129, | |
| JOHN DOE 7 dba LAV LUKA dba @LAVLUKA6210, | |
| JOHN DOE 8 dba MIND WAREHOUSE dba @MIND_WAREHOUSE, | |
| JOHN DOE 9 dba O CANAL DO OBSERVADOR dba @CANALDOOBSERVADOR, | |
| JOHN DOE 10 dba OTV dba @OTVODISHA, | |
| JOHN DOE 11 dba THE BEESLEYS dba @THEBEESLEYS99, | |

SRIPLAW
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

| | |
|---|---|
| JOHN DOE 12 dba THE ULTIMATE DISCOVERY dba @ULTIMATEDISCOVERY, <br> JOHN DOE 13 dba TOP FIVES dba @TOPFIVES, <br> JOHN DOE 14 dba WEWIN ES - DESASTRES NATURALES dba @WEWINESCANAL and <br> JOHN DOE 15 dba WEWIN PT dba @WEWINBRASIL, <br><br>                    Defendants. | |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR RESPECTIVE COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT Plaintiff Viral DRM, LLC ("Viral DRM" or "Plaintiff") hereby requests that this Court, *ex parte*, for an order authorizing plaintiff to issue a subpoena for documents and information identifying the persons or entities that uploaded plaintiff's copyrighted works to YouTube, operated by Google LLC, that are currently performing and displaying plaintiff's copyrighted works.

This application is made on the grounds that the YouTube uploaders listed in Exhibit 1 to the Declaration of Brandon Clement have deprived and continue to deprive Plaintiff of its right to determine the manner in which its copyrights are presented to the public, and defendants have and continue to wrongfully trade and capitalize on Plaintiff's copyrights. By their activities, Defendants are defrauding Plaintiff, certain non-party businesses, and the consuming public for their own benefit, and plaintiff is in need of a subpoena for their identities. Viral DRM believes that the YouTube channels listed on Exhibit 1 to the declaration of Brandon Clement are the same as or working together with and in concert with the defendants identified in Schedule A to the complaint.

This motion will be based on this Notice of Motion, Memorandum of Points and Authorities, and the Declarations of Matthew Rollin and Brandon Clement filed herewith.

DATED:  December 21, 2023          */s/ Matthew L. Rollin*
                                    MATTHEW L. ROLLIN
                                    **SRIPLAW, P.A.**
                                    Attorneys for Plaintiff Viral DRM, LLC

ii

Plaintiff VIRAL DRM LLC by and through undersigned counsel, hereby moves this Court for leave to issue a subpoena to service provider Google, LLC for identification of the alleged infringers listed in Exhibit 1 to the Declaration of Brandon Clement that accompanies this motion. Viral DRM seeks the issuance of the subpoena and Google's response on an expedited basis and on condition that Google be ordered not to provide notice to the individuals whose YouTube channels are listed in Exhibit 1 to the Clement declaration that their information is being disclosed to plaintiff.

Plaintiff seeks an order pursuant to Rule 26(d)(1) to serve a subpoena on Google, LLC to obtain information sufficient to identify the owners of the YouTube channels and AdSense accounts associated with those channels listed on Exhibit 1 to the Declaration of Brandon Clement submitted with this motion. The order sought is similar to one provided by 17 U.S.C. § 512(h)(1) that permits a clerk to issue a subpoena for identification of an alleged infringer that served a counternotice pursuant to 17 U.S.C. § 512(c)(3)(A).

Plaintiff has not served DMCA take-down notices yet because plaintiff believes that recently discovered YouTube channels and videos posted there listed on Exhibit 1 to the Declaration of Brandon Clement are associated with the defendants in this case listed on Schedule A to the Complaint. Plaintiff is concerned that if take-down notices are served, and if the normal procedure under § 512(h) is followed to obtain the identities of the individuals listed on Exhibit 1 to the Declaration of Brandon Clement, this process will cause the newly discovered infringers to conceal their identities, transfer their funds in their AdSense accounts, and frustrate plaintiff's ability to recover for the infringement alleged in this action and a forthcoming action or amended complaint plaintiff intends to file against the infringers listed on Exhibit 1 to the Declaration of Brandon Clement.

The Ninth Circuit instructed that "'where the identity of the alleged defendant[] [is] not [] known prior to the filing of a complaint[,] the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" *Wakefield v. Thompson,* 177 F.3d 1160, 1163 (9th Cir. 1999) quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642-43 (9th Cir. 1980).

See also *Cottrell v. Unknown Corr. Officer*, No. 99-15567, 2000 U.S. App. LEXIS 21969, at *2-3 (9th Cir. Aug. 18, 2000) citing *Gillespie* and *Wakefield*.

Federal Rule of Civil Procedure 26(d) allows the district court to order discovery early in the case and Rule 45 allows service of a subpoena on a non-party. "Ninth Circuit authority permits Plaintiff the opportunity to pursue appropriate discovery to identify the unknown Does, unless it is clear that discovery would not uncover their identity, or his Complaint should be dismissed for other reasons." *Stevenson v. Beard*, 2017 U.S. Dist. LEXIS 166368, at *7 n.3 (S.D. Cal. Oct. 6, 2017). See also *Grizzle v. Cty. of San Diego,* 2017 U.S. Dist. LEXIS 121040, at *6 n.3 (S.D. Cal. July 31, 2017) (same).

Courts in infringement actions have applied "a three-factor test when considering motions for early discovery to locate certain defendants." *MGM Resorts Int'l v. Does*, 2017 U.S. Dist. LEXIS 138204, at *3-4 (D. Nev. Aug. 28, 2017). *First*, "the plaintiff should identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court." *Id.* at 578. *Second*, the plaintiff "should identify all previous steps taken to locate the elusive defendant" to ensure that the plaintiff has made a good faith effort to identify and serve process on the defendant. *Id*. at 579. *Third*, the "plaintiff should establish to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss." *Id*. (citing *Gillespie*, 629 F.2d at 642); *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578-579 (N.D. Cal. 1999).

These factors support the court ordering that Plaintiff may serve limited third-party discovery to Google to obtain the identifying information for the YouTube accounts and associated AdSense accounts for the individuals whose YouTube channels and videos are listed on Exhibit 1 to the Declaration of Brandon Clement.

### A. The YouTube Uploaders and Channels Listed on Exhibit 1 to the Declaration of Brandon Clement are Sufficiently Identified to be Sued in Federal Court

The list of YouTube channels and YouTube videos attached as Exhibit 1 to the Declaration of Brandon Clement provides sufficient specifics about these actors for Google to identify them and provide their identifying information to plaintiff so that they can be sued in a separate action or in an

amended complaint. The information in Exhibit 1 to the Declaration of Brandon Clement is the same type of information provided to Google previously in the subpoena action pursuant to § 512(h) Viral DRM previously filed.

### B. Steps Taken to Identify YouTube Uploaders and Channels Listed on Exhibit 1 to the Declaration of Brandon Clement

Prior to filing this lawsuit, plaintiff obtained identification of the defendants listed on Schedule A pursuant to the process laid out in 17 U.S.C. § 512(h). Before initiating that process, plaintiff submitted DMCA take-down requests to YouTube, waited for YouTube to act (which took longer than the period mandated by statute), received the counternotices attached to the complaint in this case, and then filed suit and notified Google LLC to maintain the removal of the videos in question.

This process took many months. Plaintiff does not have many months to waste anymore. Plaintiff needs action to protect its rights and its ability to recover from the defendants and the new infringers listed on Exhibit 1 to the Declaration of Brandon Clement for the infringement they have committed.

Viral DRM has reason to believe that the new infringers listed on Exhibit 1 to the Declaration of Brandon Clement are identical to or acting in concert with the defendants identified in Schedule A to the complaint because:

    a. The **extreme weather events** covered by the videos hosted on the channels listed in Exhibit 1 are the same as videos shown by other channels listed in Exhibit 1 and the same as the videos that were the subject of the DMCA notices and counternotices at issue in the complaint in this case;

    b. The **video clips of the extreme weather events** hosted on the channels listed in Exhibit 1 are the same the video clips shown by other channels listed in Exhibit 1 and the same as the video clips that were the subject of the DMCA notices and counternotices at issue in the complaint in this case;

    c. The **video editing style** of the videos hosted on the channels listed in Exhibit 1 are the same as the style of the videos shown by other channels listed in

Exhibit 1 and the same as the videos that were the subject of the DMCA notices and counternotices at issue in the complaint in this case;

d. The **thumbnails and thread titles** of the videos hosted on the channels listed in Exhibit 1 are the same or very similar to the thumbnails and thread titles for the videos shown by other channels listed in Exhibit 1 and are the same or very similar to the thumbnails and thread titles for the videos that were the subject of the DMCA notices and counternotices at issue in the complaint in this case;

e. The **video descriptions** of the videos hosted on the channels listed in Exhibit 1 are the same or almost identical to the video descriptions of the videos shown by other channels listed in Exhibit 1 and the video descriptions are the same or nearly identical for the videos that were the subject of the DMCA notices and counternotices at issue in the complaint in this case;

f. The **channel descriptions** of the channels listed in Exhibit 1 are the same or almost identical to the channel descriptions of the other channels listed in Exhibit 1 and channel descriptions are the same or nearly identical for the videos that were the subject of the DMCA notices and counternotices at issue in the complaint in this case;

g. The **videos in the channels and other aspects of the channels and videos appear to be created with artificial intelligence (AI) technology** for the channels and videos listed in Exhibit 1 and the channels and videos that were the subject of the DMCA notices and counternotices at issue in the complaint in this case; and

h. The **voiceover voices** are the same for the videos hosted on the channels listed in Exhibit 1 as the other videos and channels listed in Exhibit 1 and are the same as the video clips that were the subject of the DMCA notices and counternotices at issue in the complaint in this case.

### C.  Plaintiff's Infringement Claims Against the YouTube Uploaders and Channels Listed on Exhibit 1 to the Declaration of Brandon Clement Can Withstand A Motion To Dismiss

The claims plaintiff intends to bring against the individuals who are responsible for the YouTube channels and YouTube videos that Viral DRM recently discovered are the same claims plaintiff set forth in its complaint against the defendants listed in Schedule A. All those claims are based on the unlawful copying, display and distribution of plaintiff's copyrighted extreme weather event videos that infringe upon Viral DRM's copyrights.

In view of the foregoing, plaintiff respectfully requests this Court grant this motion and permit plaintiff to serve the proposed subpoena accompanying this motion on Google LLC forthwith and that Google's compliance with the subpoena be required without any advance notice to the individuals that the subpoena seeks to identify. Google LLC and its counsel have been served with this motion in advance so they may lodge any objections with the Court. A proposed order has been submitted by counsel to chambers consistent with this motion.

DATED: December 21, 2023                Respectfully submitted,

*/s/ Matthew L. Rollin*
MATTHEW L. ROLLIN
**SRIPLAW, P.A.**
*Counsel for Plaintiff Viral DRM LLC*

5

MOTION FOR SUBPOENA                               CASE NO. 3:23-cv-06261-JSC