SRIPLAW
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

1 | Matthew L. Rollin (SBN 332631)
2 | **SRIPLAW, P.A.**
  | 8730 Wilshire Boulevard
3 | Suite 350
  | Beverly Hills, California 90211
4 | 323.452.5600 – Telephone
  | 561.404.4353 – Facsimile
5 | matthew.rollin@sriplaw.com
6 | 
  | Counsel for Plaintiff
7 | Viral DRM LLC
8 | 
9 |                     **UNITED STATES DISTRICT COURT**
10|                     **NORTHERN DISTRICT OF CALIFORNIA**
11| VIRAL DRM LLC,                        | CASE NO.: 3:23-cv-06261-JSC
12|         Plaintiffs,                   | **DECLARATION OF BRANDON CLEMENT**
13| v.
14|
15| JOHN DOE 1 dba 4 EVER GREEN dba @4EVERGREENYT,
16| JOHN DOE 2 dba BUENISIMO dba @BUENISIMOCANAL,
17| JOHN DOE 3 dba DAILYTOP10S dba @GLOBALLEAKS,
18| JOHN DOE 4 dba DBLNEWS dba @DBLNEW,
19| JOHN DOE 5 dba DYNAMIC DISASTER dba @DYNAMICDISASTER,
20|
21| JOHN DOE 6 dba FUTURE UNITY dba @FUTUREUNITY5129,
22| JOHN DOE 7 dba LAV LUKA dba @LAVLUKA6210,
23| JOHN DOE 8 dba MIND WAREHOUSE dba @MIND_WAREHOUSE,
24| JOHN DOE 9 dba O CANAL DO OBSERVADOR dba @CANALDOOBSERVADOR,
25|
26| JOHN DOE 10 dba OTV dba @OTVODISHA,
27| JOHN DOE 11 dba THE BEESLEYS dba @THEBEESLEYS99,
28|

1

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8 | JOHN DOE 12 dba THE ULTIMATE DISCOVERY dba @ULTIMATEDISCOVERY,<br>JOHN DOE 13 dba TOP FIVES dba @TOPFIVES,<br>JOHN DOE 14 dba WEWIN ES - DESASTRES NATURALES dba @WEWINESCANAL and<br>JOHN DOE 15 dba WEWIN PT dba @WEWINBRASIL,<br><br>                        Defendant. |

I, Brandon Clement, declare and say:

1.     I am a principal and one of the owners of Viral DRM LLC. Viral DRM is an Alabama limited liability company that helps clients protect the copyright to video content, especially content depicting extreme weather events. Viral DRM is a digital rights management company that represents clients that syndicate content to international media organizations, production companies and other commercial entities.

2.     I make this declaration in support of Viral DRM's motion for leave to serve a subpoena to identify new YouTube channel uploaders.

3.     Viral DRM's investigation into the piracy of its copyrighted works by the YouTube Uploaders Listed on Schedule A to the Complaint in this case is ongoing. Since this case was filed, Viral DRM has identified **15** YouTube channels that have copied and pirated a total of **45** original works of authorship created by me or by one of the other authors/creators who exclusively licensed to Viral DRM their works for distribution and syndication pursuant to written agreements that provide Viral DRM with the necessary rights to sue for the infringements at issue in this case. As with the works already at issue in this case, many of the works discovered recently contained watermarks and embedded metadata copyright management information identifying them as the property of WXchasing, Viral DRM or the video's creators.

4.     Attached hereto as Exhibit 1 to my declaration is a list of YouTube channels and YouTube videos that Viral DRM recently discovered, all of which show extreme weather event videos, and all of which infringe upon Viral DRM's copyrights.

2

5. The channels listed in Exhibit 1 are extremely popular and valuable with over **29,360,140** subscribers, numerous videos, and videos with over **14,643,794,373** views or more. These are very valuable YouTube channels that earn significant revenue from the display of pirated video content.

6. For the reasons explained below, Viral DRM believes that the YouTube channels listed on Exhibit 1 to my declaration are the same as or working together with and in concert with the defendants identified in Schedule A to the complaint.

7. The reasons why Viral DRM believes that the YouTube Channels and YouTube uploaders listed on Exhibit 1 are working with the defendants identified in Schedule A are as follows:

 a. The **extreme weather events** covered by the videos hosted on the channels listed in Exhibit 1 are the same as videos shown by other channels listed in Exhibit 1 and the same as the videos that were the subject of the DMCA notices and counternotices at issue in the complaint in this case;

 b. The **video clips of the extreme weather events** hosted on the channels listed in Exhibit 1 are the same the video clips shown by other channels listed in Exhibit 1 and the same as the video clips that were the subject of the DMCA notices and counternotices at issue in the complaint in this case;

 c. The **video editing style** of the videos hosted on the channels listed in Exhibit 1 are the same as the style of the videos shown by other channels listed in Exhibit 1 and the same as the videos that were the subject of the DMCA notices and counternotices at issue in the complaint in this case;

 d. The **thumbnails and thread titles** of the videos hosted on the channels listed in Exhibit 1 are the same or very similar to the thumbnails and thread titles for the videos shown by other channels listed in Exhibit 1 and are the same or very similar to the thumbnails and thread titles for the videos that were the subject of the DMCA notices and counternotices at issue in the complaint in this case;

e. The **video descriptions** of the videos hosted on the channels listed in Exhibit 1 are the same or almost identical to the video descriptions of the videos shown by other channels listed in Exhibit 1 and the video descriptions are the same or nearly identical for the videos that were the subject of the DMCA notices and counternotices at issue in the complaint in this case;

f. The **channel descriptions** of the channels listed in Exhibit 1 are the same or almost identical to the channel descriptions of the other channels listed in Exhibit 1 and channel descriptions are the same or nearly identical for the videos that were the subject of the DMCA notices and counternotices at issue in the complaint in this case;

g. The **videos in the channels and other aspects of the channels and videos appear to be created with artificial intelligence (AI) technology** for the channels and videos listed in Exhibit 1 and the channels and videos that were the subject of the DMCA notices and counternotices at issue in the complaint in this case; and

h. The **voiceover voices** are the same for the videos hosted on the channels listed in Exhibit 1 as the other videos and channels listed in Exhibit 1 and are the same as the video clips that were the subject of the DMCA notices and counternotices at issue in the complaint in this case.

8. As with the works already identified in the complaint in this case, all the works at issue in this case are valuable for displaying on YouTube and Facebook. All the works at issue show dramatic weather events that make for compelling and interesting viewing by interested viewers worldwide. All the works at issue also can be used to earn money from advertising on YouTube. That is why the YouTube uploaders copied the works.

9. Viral DRM has a reasonable, good faith belief that the defendants named in this case listed on Schedule A to the complaint are working together with the newly discovered YouTube Uploaders or are the same as the newly discovered YouTube Uploaders.

10. Viral DRM seeks to obtain the true identities of the defendants pursuant to subpoena to Google, LLC under 17 U.S.C. § 512(h) without notice to the defendants so that these new uploaders may be expeditiously identified and added to this case.

11. All the channels listed on Exhibit 1 hereto are monetizing the videos they stole from Viral DRM. Monetizing videos on YouTube involves enabling advertisements to be displayed on your videos, which allows you to earn money through the YouTube Partner Program payable to the channel through their Google AdSense accounts.

12. The proposed subpoena submitted to the Court includes requests for information about the identities of the YouTube channel owners listed on Exhibit 1 and the identities of the YouTube AdSense Account holders who receive advertising revenue for videos displayed on those channels.

I declare under perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 20, 2023.



BRANDON CLEMENT