UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRAL DRM LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>JOHN DOE 1 DBA 4 EVER GREEN DBA @4EVERGREENYT, et al.,<br><br>    Defendants. | Case No.  3:23-cv-06261-JSC<br><br>**ORDER RE: ADMINISTRATIVE MOTION FOR SUBPOENA TO GOOGLE**<br><br>Re: Dkt. No. 15 |

Plaintiff Viral DRM LLC syndicates and licenses video content of extreme weather events from around the world.  This is one of five related copyright infringement actions brought by Plaintiff against various defendants who Plaintiff alleges downloaded and copied Plaintiff's copyrighted materials from YouTube, and then re-uploaded infringing versions of Plaintiff's copyrighted media content to their YouTube channels to advertise, market, and promote their YouTube channels and subscriber base.  *See* Case Nos. 23-4300, 23-5045, 23-5594, 23-5977, 23-6261.

Plaintiff's motion to issue a subpoena to non-party Google seeking information sufficient to identify the alleged infringers operating certain YouTube channels is now pending before the Court.  (Dkt. No. 15.)  Plaintiff shall meet and confer with Google regarding the proposed subpoena as it did with the subpoena issued in the lead case.  (*See* No. 23-4300, Dkt. Nos. 27, 30, 34, 35.)  Such meet and confer shall occur **after** January 2, 2024.  Plaintiff shall file a supplemental brief addressing the results of that meet and confer by January 8, 2024.  In addition, Plaintiff shall address the basis for its claims against the YouTube uploaders who are not alleged to have copied a registered work.  (*See, e.g*., No. 23-6261, Dkt. No. 1-1 (listing the registration status of the works associated with 4 Ever Green, DailyTop10s, Dblnews, The Beesleys as "Not

Registered").)  Further, the Court is confused by the statement in the motion that it "has not served DMCA take-down notices yet because plaintiff believes the recently discovered YouTube channels and videos posted there listed on Exhibit 1 to the Declaration of Brandon Clement are associated with the defendants in this case listed on Schedule A to the Complaint."  (Dkt. No. 15 at 3.)  A preliminary comparison of the list of allegedly infringing videos on Schedule A with the list on Exhibit 1 indicates that many if not all are the same url addresses (*Compare* Dkt. No. 1-1 *with* Dkt. No. 15-2), and the Complaint alleges takedown notices were submitted for the Defendant urls (Dkt. No. 1 at ¶¶ 8, 50, 67).  Although Plaintiff provided copies of DMCA takedown notices with the Complaint, these are not indexed in any way and it is difficult to discern whether a takedown notice was issued for each allegedly infringing url.  (Dkt. No. 1-3.)

Plaintiff shall also address these issues in its January 8, 2024 submission.  *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) ([W]here the identity of alleged defendants will not be known prior to the filing of a complaint[,] ... the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds).

**IT IS SO ORDERED.**

Dated: December 22, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge