Matthew L. Rollin (SBN 332631)
**SRIPLAW, P.A.**
8730 Wilshire Boulevard
Suite 350
Beverly Hills, California 90211
323.452.5600 – Telephone
561.404.4353 – Facsimile
matthew.rollin@sriplaw.com

*Counsel for Plaintiff*
*Viral DRM LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| VIRAL DRM LLC, | CASE NO.: 3:23-CV-06261-JSC |
| Plaintiff, | **SUPPLEMENTAL BRIEF PURSUANT TO THE COURT'S ORDER AND DIRECTION AT ECF 16** |
| v. | |
| YOUTUBE UPLOADERS LISTED ON SCHEDULE A, | The Honorable Jacqueline Scott Corley |
| Defendant. | |

PLAINTIFF Viral DRM LLC ("Viral DRM"), by and through its undersigned counsel, hereby submits this Supplemental Brief to the Court, pursuant to the Order at ECF 16. Plaintiff's Counsel and Google's Counsel met and conferred via telephone on January 3, 2024.

**I.    Plaintiff's Meet and Confer with Google**

On January 3, 2024, Plaintiff's Counsel, Matthew Rollin, and Google's Counsel, David Kramer, met and conferred via telephone as Ordered by the Court in ECF 16. Counsel discussed three primary points of concern.

First, Google has requested that all subpoena's going forward are served on Google's registered agent with a courtesy copy emailed to Mr. Kramer. Plaintiff agreed.

Second, Google agreed to produce the requested information. Google anticipates it will take approximately two weeks to gather the requested information. Plaintiff agreed.

Third, Google requested that an amended order issue removing the language "Google shall not notify the individuals whose information is requested or provided" because it is Google's policy to notify users in the absence of circumstance where notice would be detrimental. Plaintiff agreed. Plaintiff will file an amended proposed order with the Court upon receipt from Google of a new version of the proposed order.

## II.    DMCA Take-Down Notice Confusion

Plaintiff apologizes to the Court for filing the take-down notices without sufficient organization. The take-down notices filed at ECF 1-3 (Exhibit 3 to the Complaint) were indeed served on Google. The reference to the contrary in Plaintiff's Motion for Subpoena (ECF 15, pg. 1, lines 13-22) was an error.

The steps Plaintiff took to issue DMCA notices are accurately stated in Section B in plaintiff's Motion for Subpoena (ECF 15, pg. 3, lines 6-12). Specifically, Plaintiff submitted DMCA takedown notices to YouTube, and many of the defendants served counternotices, following which plaintiff filed the instant action.

After reviewing the counternotices, plaintiff determined that the information contained in the counternotices was either incomplete, inaccurate or fraudulent. Plaintiff seeks the subpoena in order to obtain accurate identifying information from Google concerning these defendants. The information sought is identifying information not only for the owners of the YouTube channels in question, but also for the owners of the AdSense accounts that the YouTube channels use to monetize their channels. Both types of identifying information are necessary in order to know who to serve as defendants in this instant action.

Regarding the defendants that did not serve counternotices, those defendants are still infringers who plaintiff needs to identify in order to know who to sue. The subpoenaed information should provide plaintiff with the necessary information to serve the defendants.

DATED:  January 8, 2024                              Respectfully submitted,

*/s/ Matthew L. Rollin*
MATTHEW L. ROLLIN
**SRIPLAW, P.A.**
*Counsel for Plaintiff Viral DRM LLC*